ODETTE GONZÁLEZ DE SALAS, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE MAYAGÜEZ, HON. ROGELIO FERNÁNDEZ GARZOT, JUEZ, demandado; ROSA MARÍA CHARNECO y OTROS, interventores.

*Número:* O-67-380          *Resuelto:* 23 de junio de 1969

*Aurelio Roqué Delgado,* abogado de la peticionaria; *Amador Ramírez Silva,* abogado del síndico; *Ildelfonso Freyre,* abogado del interventor José Clemente González Ortiz; *Raúl Matos* y *Raúl E. Matos,* abogados de Rosa María Charneco y otros.

Sala Segunda integrada por el Juez Asociado Señor Hernández Matos como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Dávila y Torres Rigual.

SENTENCIA

La peticionaria es heredera de su abuelo don José González Clemente quien falleció en el año 1944; es heredera de su abuela doña Rosa Ana Rivera Viuda de don José González Clemente, fallecida en el año 1957, y es heredera de su padre don José Manuel González Rivera, fallecido en el año 1954. En el año 1942 don José González Clemente organizó la Mercantil José González Clemente y Cía. con su hijo, el padre de la peticionaria. Forma parte de estas tres herencias la referida Mercantil José González Clemente y Cía., herencias que hasta la fecha no han sido partidas ni liquidadas. Los bienes relictos están desde el año 1954 bajo sindicatura decretada por la Sala de Mayagüez del Tribunal Superior en el pleito Civil CS-54-509 sobre Sentencia Declaratoria interpuesto por la viuda doña Rosa Ana Rivera contra los demás herederos y miembros de las respectivas sucesiones. La Mercantil José González Clemente y Cía. fabrica y vende el Ron Superior Puerto Rico.

En 2 de agosto de 1966 y por documento escrito, los herederos se reconocieron recíprocamente el derecho a la fórmula o fórmulas del Ron Superior Puerto Rico. En 22 de diciembre de 1966 la peticionaria solicitó de la Sala sentenciadora se le diera conocimiento de las fórmulas aludidas. Alegó que otros herederos y miembros de las sucesiones conocían dichas fórmulas así como empleados y personas particulares; que el llegar ella a su mayor edad no se le reconoció por los coherederos su derecho a conocerlas, derecho éste que se le niega; que en el año 1965 el Síndico pidió permiso al tribunal para cambiar el Ron Superior de 85 a 80 grados prueba para lo cual se señaló vista; que la peticionaria expuso en dicha

vista que no estaba en condiciones de oponerse o manifestarse por desconocer la fórmula para el cambio y las fórmulas anteriores; que el tribunal dictaminó que el cambio no era sustancial que necesitara la aprobación de los herederos; que la fórmula del ron fue cambiada de 85 a 80 grados prueba registrándose esta última con el Núm. 4, siendo la fórmula Núm. 3 la que correspondía al ron de 85 grados; que con posterioridad a dicho cambio de fórmula hubo una reducción en las ventas del ron de más de un 22%; que a la peticionaria se le dio la oportunidad de observar la preparación de la fórmula del ron a 80 grados prueba pero no se le permitió tomar notas de lo que observara, desconociendo ella las fórmulas anteriores; que estas fórmulas han sido divulgadas a funcionarios federales y del gobierno de Puerto Rico y las conocen otras personas que no forman parte de las sucesiones y que son o han sido empleados de la Sindicatura. Solicitó, con miras a dichas alegaciones, que el tribunal ordenara a los co-herederos y demás interesados en la herencia informarle sobre las fórmulas del Ron Superior Puerto Rico como condueña por herencia de dichas fórmulas.

Compareció por escrito, oponiéndose a la solicitud de la peticionaria, su hermano de doble vínculo José Clemente González Ortiz. Posteriormente, los demás co-herederos se unieron a esta oposición. El opositor aceptó algunos hechos, negó otros, y expuso que por tradición y costumbre de la familia las fórmulas secretas que se utilizaban en la elaboración del Ron Superior eran transmitidas de padres a hijos varones, y que por ese motivo ninguno de los otros herederos, con excepción del opositor, tenían conocimiento de las referidas fórmulas; que era tradición de familia no escribir las fórmulas ni informarlas por escrito a ninguno de los herederos o interesados; aceptó el habérselas informado al Gobierno Federal y que las comunicaciones referentes a las fórmulas fueran notificadas solamente al Sr. Charneco, Jefe de Labo-

ratorio (hermano de la Sra. Rosa Charneco Vda. de González, otro miembro de la sucesión), y al opositor José Clemente González Ortiz, siguiendo en esto la tradición de la familia de que el secreto de las fórmulas fuese conocido por el menor número de personas posible.

La Sala sentenciadora celebró vista sobre la anterior petición y denegó lo solicitado. Dictaminó que la peticionaria tenía derecho a conocer la fórmula para la elaboración del ron en la misma forma en que adquirieron dicho conocimiento los demás herederos o interesados en la firma; ordenó al encargado del laboratorio que le notificara la próxima preparación de la fórmula para que la peticionaria pudiera asistir y observar dicha elaboración y prohibió que se le entregara dicha fórmula por escrito o que se le permitiera escribir la misma. También le negó el derecho a que el Gobierno Federal le notificara la correspondencia en relación con dichas fórmulas y que éstas se contabilizaran en los libros de la firma.

Hemos leído detenidamente la prueba que desfiló en la vista celebrada. Este es un caso en que incuestionablemente hay conflicto entre la peticionaria de un lado, y los demás miembros de las respectivas sucesiones, del otro. No parece haber armonía entre ellos. La prueba demuestra que, directa o indirectamente, otros miembros de las sucesiones tienen conocimiento detallado de las fórmulas del Ron Superior Puerto Rico. El permitir a la peticionaria estar presente en el laboratorio cuando se preparare una fórmula, sin estar ella asistida de un químico o de un perito que pudiera interpretarle o explicarle lo que observara, no pondría a la peticionaria en la misma posición de conocimiento de las fórmulas en que se hallan otros miembros de la sucesión, particularmente su hermano de doble vínculo, el opositor, José Clemente González Ortiz, y otras personas empleadas de la Sindicatura familiares de otros herederos.

■ La peticionaria tiene un derecho de propiedad en las referidas fórmulas que forma parte de los bienes relictos y si, como alega, el cambio de fórmula produjo una merma en la venta del ron, hecho sobre el cual no hacemos expresión alguna, ella tiene derecho a que se le ponga en condiciones de defender su interés en esa parte de los bienes. De la prueba traída por el opositor surge que como cuestión de realidad el secreto de las fórmulas ya no es tal secreto entre los interesados, con excepción de la peticionaria que las desconoce.

■ Cualquiera que sea la tradición familiar, la Constitución del Estado Libre Asociado no permite que haya discrimen entre la peticionaria y otros miembros de la sucesión por razón de sexo. La tradición familiar puede seguirse entre los herederos e interesados, pero ellos no pueden tener el beneficio de las cortes para hacer valer, contra las leyes y la Constitución, un discrimen. La peticionaria es condueña de los bienes y tiene derecho a estar en idéntica situación en cuanto a los mismos en que se encuentran otros miembros de la sucesión.

Se anula la resolución recurrida dictada por la Sala de Mayagüez del Tribunal Superior en 13 de junio de 1967, en tanto la misma impide a la peticionaria el tener conocimiento de las fórmulas para la preparación del Ron Superior Puerto Rico en la misma forma detallada, comprensiva e inteligente en que tienen conocimiento de dichas fórmulas su hermano de doble vínculo, el opositor, y otros miembros de estas sucesiones, sin que la peticionaria quede limitada a que meramente se le permita estar presente en el laboratorio en ocasión en que se prepare una fórmula y sin ningún otro medio de conocer y entender la misma.

Se deja al mejor criterio de la Sala y los interesados el modo de transmitirle a la peticionaria el conocimiento de las fórmulas en litigio, de manera compatible con lo aquí dispuesto.

Así lo pronunció y manda el Tribunal y firma el Señor Juez Presidente.

(Fdo.) Luis Negrón Fernández
*Juez Presidente*

Certifico:

(Fdo.) Joaquín Berríos
*Secretario*